REDMANN, Judge.
Plaintiff appeals suspensively from a judgment which ordered payment of a mortgage note without attorney’s fees and refused foreclosure of the mortgage, the payment to be made within 30 days.
We affirm the judgment, but we necessarily modify its provision for payment within 30 days (a provision originally sought by defendant by reconventional demand) to make the 30 days run from definitiveness of judgment.
Plaintiff is a lawyer and notary public. He sold to defendant, who was married at the time, two pieces of property by distinct credit sales with mortgages.
When defendant sued his wife for a separation, plaintiff acted as defendant’s attorney and drafted a contract between husband and wife, selling to the husband all of the wife’s rights in the community real estate, consisting of the two pieces plaintiff had sold to defendant and a third piece acquired on credit through a building and loan association. In that contract, in return for his wife’s transfer of her interest to him, defendant agreed that he alone would discharge all of the mortgage indebtedness-es on the three pieces of property.
Thereafter defendant, again by contract drafted by plaintiff, sold a half interest in the three properties to his prospective second wife, and in that contract the prospective wife assumed solidary liability with defendant for the mortgage indebtednesses.
Thereafter defendant and his second wife agreed to sell one of the properties acquired from plaintiff, and asked plaintiff the exact amount due on the mortgage on that property. Plaintiff by letter of May 6, 1976 stated the amount due as of that date (including interest through November 1976) and added that defendant “need make no further payments on this note until the passing of the sale” originally set for June 29, 1976. (The note’s provision for “interest, from date, computed annually” is interpreted by the parties as obliging defendant to pay a whole year’s interest on the balance as of the beginning of the year, even though the balance is reduced by monthly payments during the year.)
Defendant made no further payments on the note, not even when the sale did not occur on June 29. The sale did not occur because the title insurer for the buyer took two exceptions to the title, one arising out of each contract plaintiff had prepared. First, the transfer by the first wife to defendant appeared to be a simple interspousal sale, invalidated by La.C.C. 2446. Second, the transfer by the husband to the prospective second wife for a price consisting of the mortgage debt on all three properties was deemed to have created a vendor’s privilege under C.C. 3249 upon all three properties to secure all three mortgage debts. See De L’Isle v. Succ. of Moss, 1882, 34 La.Ann. 164. (R.S. 9:5383, added by Acts 1976 No. 338, may solve the privilege problem in the future, but may leave unaffected the vendor’s right to rescind the entire sale for nonpayment of any part of the price, C.C. 2561.)
*569 These title exceptions were called to plaintiff’s attention with the request that he cure them. He first unsuccessfully sought title insurance from other insurers. It was August 16, a month and a half past the June 29 original sale date, when a release from the other mortgage creditor was ultimately obtained, and the apparently invalid sale from the first wife to defendant was shown by recorded act to have been a valid one, C.C. 2446(1), in settlement of community after separation.
Meanwhile, plaintiff caused an associate from his law office to demand, by letter of Saturday August 13, payment of the mortgage note on the troubled property, with attorney’s fees. Thereafter he refused to release the mortgage unless those fees as well as the debt were paid, thereby preventing the pending sale. On Wednesday August 17 plaintiff filed suit to foreclose the mortgage.
Plaintiff was contractually bound not to enforce the mortgage note in accordance with its terms. The contractual modification initiated by plaintiff’s letter of May 6, 1976, to which both parties agreed, extended three but accelerated five installments (and, indeed, the entire balance) on which interest was already charged through November 19. Thus plaintiff’s promise of extension (until the sale, “which I understand is to be on or hopefully prior to June 29,1976”) was not a gratuitous one. It was therefore not unenforceable for lack of cause, C.C. 1893.
Nor can plaintiff invoke as annulling his agreement defendant’s failure to pay by June 29, because it was plaintiff himself who prevented timely payment (by creating title problems and delaying their cure). Creation by the obligee of delay in performance constitutes consent by him to that delay.
When plaintiff demanded payment in full plus attorneys’ fees, and filed this suit to foreclose the mortgage, plaintiff had no right to accelerate the maturity of the debt because of delay in payment. Accordingly plaintiff’s foreclosure demand was properly rejected: there was no debt past due when it was filed. And, therefore, there were no attorney’s fees due.
There remain two lesser points. First, to plaintiff’s request that we amend to provide interest, as the mortgage provides, on the $578 insurance premium he paid for defendant in January 1977, we respond that any interest thus due is offset by the greater amount of unauthorized interest on interest, C.C. 1939, inadvertently provided by the judgment. (The judgment grants interest at 8% from November 1976 on the entire mortgage balance, including over $2,000 of interest.) Second, to plaintiff’s complaint that the judgment was in his favor but divided costs equally we respond that plaintiff lost on his basic demand.
Amended at plaintiff’s cost to make the 30 days for payment run from definitiveness of judgment.